**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Ave., 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
          lrosen@rosenlegal.com

*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRADLEY THOMAS, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CHINA TECHFAITH WIRELESS COMMUNICATION TECHNOLOGY LIMITED, DEYOU DONG, and YUPING OUYANG,<br><br>Defendants. | Case No:<br><br>CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS<br><br>JURY TRIAL DEMANDED |

Plaintiff Bradley Thomas ("Plaintiff"), individually and on behalf of all other persons similarly situated, by Plaintiff's undersigned attorneys, for Plaintiff's complaint against Defendants (defined below), alleges the following based upon personal knowledge as to Plaintiff and Plaintiff's own acts, and information and belief as to all other matters, based upon, *inter alia*, the investigation conducted by and through his attorneys, which included, among other things, a review of the Defendants' public documents, conference calls and announcements made by Defendants, United States Securities and Exchange Commission ("SEC") filings, wire and press releases published by and regarding China Techfaith Wireless

1

Communication Technology Limited ("China Techfaith" or the "Company"), and information readily obtainable on the Internet. Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## NATURE OF THE ACTION

1.      This is a class action on behalf of persons or entities who purchased or otherwise acquired publicly traded China Techfaith securities between July 12, 2018 and December 19, 2018, inclusive (the "Class Period"). Plaintiff seeks to recover compensable damages caused by Defendants' violations of the federal securities laws under the Securities Exchange Act of 1934 (the "Exchange Act").

## JURISDICTION AND VENUE

2.      The claims asserted herein arise under and pursuant to Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. §240.10b-5).

3.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, and Section 27 of the Exchange Act (15 U.S.C. §78aa).

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) and Section 27 of the Exchange Act (15 U.S.C. §78aa(c)) as the alleged misstatements entered and the subsequent damages took place in this judicial district.

5.      In connection with the acts, conduct and other wrongs alleged in this complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mails, interstate telephone communications and the facilities of the national securities exchange.

**PARTIES**

6.      Plaintiff, as set forth in the accompanying certification, incorporated by reference herein, purchased China Techfaith securities during the Class Period and was economically damaged thereby.

7.      Defendant China Techfaith purports to engage in the design and development of specialized mobile handsets for consumers and enterprises in the People's Republic of China ("PRC") and internationally. China Techfaith is incorporated in the Cayman Islands with headquarters in the PRC. China Techfaith's stated agent for service of process in the U.S. is located in New York, N.Y. China Techfaith's securities trade on NASDAQ under the ticker symbol "CNTF."

8.      Defendant Deyou Dong ("Dong") has been the Company's Chief Executive Officer ("CEO") since May 2015 and its Chief Operating Officer ("COO") since August 2009.

9.      Defendant Yuping Ouyang ("Ouyang") has been the Company's Chief Financial Officer ("CFO") since 2008.

10.     Defendants Dong and Ouyang are collectively referred to herein as the "Individual Defendants."

11.     Each of the Individual Defendants:

(a)      directly participated in the management of the Company;

(b)      was directly involved in the day-to-day operations of the Company at the highest levels;

(c)      was privy to confidential proprietary information concerning the Company and its business and operations;

(d)     was directly or indirectly involved in drafting, producing, reviewing and/or disseminating the false and misleading statements and information alleged herein;

(e)     was directly or indirectly involved in the oversight or implementation of the Company's internal controls;

(f)     was aware of or recklessly disregarded the fact that the false and misleading statements were being issued concerning the Company; and/or

(g)     approved or ratified these statements in violation of the federal securities laws.

12.     China Techfaith is liable for the acts of the Individual Defendants and its employees under the doctrine of *respondeat superior* and common law principles of agency because all of the wrongful acts complained of herein were carried out within the scope of their employment.

13.     The scienter of the Individual Defendants and other employees and agents of the Company is similarly imputed to China Techfaith under *respondeat superior* and agency principles.

14.     Defendants China Techfaith and the Individual Defendants are collectively referred to herein as "Defendants."

## SUBSTANTIVE ALLEGATIONS
### Materially False and Misleading
### Statements Issued During the Class Period

15.     On July 12, 2018, China Techfaith issued a press release entitled, "TechFaith Enters Agreement to Sell Wholly-Owned Subsidiary[.]" The press release stated, in relevant part:

BEIJING, July 12, 2018 /PRNewswire/ -- China TechFaith Wireless

Communication Technology Limited (NASDAQ: CNTF) ("TechFaith" or the "Company") today announced that ***Techfaith Wireless Technology Group Limited ("TechFaith Wireless"), a wholly-owned subsidiary of the Company, has entered into a share purchase agreement (the "Agreement") with an unrelated third party, pursuant to which TechFaith Wireless will sell its 100% ownership in Charm Faith Limited, a wholly-owned subsidiary of TechFaith Wireless, for a total consideration of RMB710 million, subject to certain price adjustment mechanisms and a detailed installment payment schedule.*** The installment payments and consummation of the transaction pursuant to the Agreement are subject to satisfaction of certain project milestones and closing conditions. Through its wholly-owned subsidiary located in China, Charm Faith Limited owns a project including 3 already constructed buildings and 4 buildings under construction. TechFaith expects to use the proceeds from the sale for general corporate purposes, further development of its ruggedized smart devices business and the reinvestment into new office space development opportunities.

(Emphasis added.)

16.    The statements contained in ¶15 were materially false and/or misleading because they misrepresented and failed to disclose the following adverse facts pertaining to the Company's business, operations and prospects, which were known to Defendants or recklessly disregarded by them. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (1) China Techfaith's agreement to sell its wholly-owned subsidiary would not be as lucrative as it led investors to believe; (2) China Techfaith failed to adequately disclose that changing market conditions would negatively impact profitability; and (3) as a result, Defendants' statements about its business, operations, and prospects, were materially false and misleading and/or lacked a reasonable basis at all relevant times.

## THE TRUTH EMERGES

17.    On December 20, 2018, before the market opened, China Techfaith issued a press release stating, *inter alia*, that operating expenses for the first half of 2018 more than quintupled as compared to the same period of last year, and, "[a]s a result of the lower transaction valuation [of the announced sale of its subsidiary in July 2018], the Company wrote

down the carrying value of the assets held for sale to fair value less any cost to sell as of June 30, 2018, and recognized an impairment loss of US$62.2 million under net loss from discontinued operations for the first half period ended on June 30, 2018." The press release stated, in relevant part:

### TechFaith Provides Business Update

**Beijing, China, December 20, 2018** – China TechFaith Wireless Communication Technology Limited (NASDAQ: CNTF) ("TechFaith" or the "Company") today provided a business update, with unaudited condensed financial results for the first half period ended June 30, 2018.

For the first half of 2018, TechFaith reported total net revenues of US$13.6 million compared to US$23.6 million in the same period of last year. Gross profit for the first half of 2018 was US$2.4 million compared to US$3.9 million in the same period of last year. Gross margin for the first half of 2018 was 17.3% compared to 16.4% in the same period of last year.

*Operating expenses for the first half of 2018 were US$47.7 million compared to US$9.2 million in the same period of last year. Operating expenses for the first half of 2018 include bad debt provisions of US$37.9 million, comprised of approximately US$28.7 million related to a short-term loan that an unrelated third party defaulted on, and approximately US$9.2 million for doubtful accounts receivable and other receivables.* Although the Company was able to collect, $20.7 million of the above mentioned short-term loan through the reporting date, the Company determined that the provision was necessary due to the default and the current credit condition of the counterparty. *Operating expenses for the first half of 2018 also include impairment of long-lived assets of US$5.4 million, which is related to the write down in carrying value of real estate assets held by the Company under the continued operations, for the properties and constructions in progress in Shenyang, China.*

*On July 12, 2018, the Company announced an agreement to sell its 100% ownership in Charm Faith Limited, a wholly-owned subsidiary of TechFaith. The Company has transferred the 100% ownership to the buyer, and has already received proceeds of approximately US$70 million (or RMB468 million), as of November 30, 2018. The purchase agreement provides a full consideration of approximately US$104 million (or RMB710 million), which is subject to certain price adjustment mechanisms and an installment payment schedule. After the price adjustments, the final settlement price is expected to be approximately US$90 million (or RMB616 million), including a cash consideration of US$78 million (or RMB536 million) and assumption of debt of about US$11.7 million (or RMB80 million). As a result of the lower transaction valuation, the Company wrote down the carrying value of the assets held for*

*sale to fair value less any cost to sell as of June 30, 2018, and recognized an impairment loss of US$62.2 million under net loss from discontinued operations for the first half period ended on June 30, 2018.*

Reflecting the adverse impact of the above noted charges, provisions and write downs, net loss attributed to TechFaith for the first half of 2018 was US$109.5 million, or US$10.3 per basic and diluted weighted average outstanding ADS, compared to net loss of US$2.6 million, or US$0.24 per basic and diluted weighted average outstanding ADS, in the same period of last year.

(Emphasis added).

18.     On this news, shares of China Techfaith stock fell $0.59 per share or over 35% to close at $1.07 per share on December 20, 2018.

19.     As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's common shares, Plaintiff and other Class members have suffered significant losses and damages.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

20.     Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a class consisting of all persons other than defendants who acquired China Techfaith securities publicly traded on NASDAQ during the Class Period, and who were damaged thereby (the "Class"). Excluded from the Class are Defendants, the officers and directors of China Techfaith, members of the Individual Defendants' immediate families and their legal representatives, heirs, successors or assigns and any entity in which Officer or Director Defendants have or had a controlling interest.

21.     The members of the Class are so numerous that joinder of all members is impracticable. Throughout the Class Period, China Techfaith securities were actively traded on NASDAQ. While the exact number of Class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery, Plaintiff believes that there are hundreds, if not thousands of members in the proposed Class.

22.     Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by defendants' wrongful conduct in violation of federal law that is complained of herein.

23.     Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation. Plaintiff has no interests antagonistic to or in conflict with those of the Class.

24.     Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

- whether the Exchange Act were violated by Defendants' acts as alleged herein;

- whether statements made by Defendants to the investing public during the Class Period misrepresented material facts about the financial condition and business China Techfaith;

- whether Defendants' public statements to the investing public during the Class Period omitted material facts necessary to make the statements made, in light of the circumstances under which they were made, not misleading;

- whether the Defendants caused China Techfaith to issue false and misleading SEC filings during the Class Period;

- whether Defendants acted knowingly or recklessly in issuing false and SEC filing

- whether the prices of China Techfaith securities during the Class Period were artificially inflated because of the Defendants' conduct complained of herein; and

- whether the members of the Class have sustained damages and, if so, what is the proper measure of damages.

25.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

26.     Plaintiff will rely, in part, upon the presumption of reliance established by the fraud-on-the-market doctrine in that:

- China Techfaith shares met the requirements for listing, and were listed and actively traded on NASDAQ, a highly efficient and automated market;

- As a public issuer, China Techfaith filed periodic public reports with the SEC and NASDAQ;

- China Techfaith regularly communicated with public investors via established market communication mechanisms, including through the regular dissemination of press releases via major newswire services and through other wide-ranging public disclosures, such as communications with the financial press and other similar reporting services; and

- China Techfaith was followed by a number of securities analysts employed by major brokerage firms who wrote reports that were widely distributed and publicly available.

27.     Based on the foregoing, the market for China Techfaith securities promptly digested current information regarding China Techfaith from all publicly available sources and reflected such information in the prices of the shares, and Plaintiff and the members of the Class are entitled to a presumption of reliance upon the integrity of the market.

28.     Alternatively, Plaintiff and the members of the Class are entitled to the presumption of reliance established by the Supreme Court in *Affiliated Ute Citizens of the State of Utah v. United States*, 406 U.S. 128 (1972), as Defendants omitted material information in their Class Period statements in violation of a duty to disclose such information as detailed above.

### COUNT I
### For Violations of Section 10(b) And Rule 10b-5 Promulgated Thereunder
### Against All Defendants

29.     Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

30.     This Count is asserted against Defendants is based upon Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder by the SEC.

31.     During the Class Period, Defendants, individually and in concert, directly or indirectly, disseminated or approved the false statements specified above, which they knew or deliberately disregarded were misleading in that they contained misrepresentations and failed to disclose material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

32.     Defendants violated §10(b) of the 1934 Act and Rule 10b-5 in that they:

- employed devices, schemes and artifices to defraud;

- made untrue statements of material facts or omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

- engaged in acts, practices and a course of business that operated as a fraud or deceit upon plaintiff and others similarly situated in connection with their purchases of China Techfaith securities during the Class Period.

33.     Defendants acted with scienter in that they knew that the public documents and statements issued or disseminated in the name of China Techfaith were materially false and misleading; knew that such statements or documents would be issued or disseminated to the investing public; and knowingly and substantially participated, or acquiesced in the issuance or dissemination of such statements or documents as primary violations of the securities laws. These defendants by virtue of their receipt of information reflecting the true facts of China Techfaith, their control over, and/or receipt and/or modification of China Techfaith's allegedly materially misleading statements, and/or their associations with the Company which made them privy to confidential proprietary information concerning China Techfaith, participated in the fraudulent scheme alleged herein.

34.      Individual Defendants, who are the senior officers and/or directors of the Company, had actual knowledge of the material omissions and/or the falsity of the material statements set forth above, and intended to deceive Plaintiff and the other members of the Class, or, in the alternative, acted with reckless disregard for the truth when they failed to ascertain and disclose the true facts in the statements made by them or other China Techfaith personnel to members of the investing public, including Plaintiff and the Class.

35.     As a result of the foregoing, the market price of China Techfaith securities was artificially inflated during the Class Period. In ignorance of the falsity of Defendants' statements, Plaintiff and the other members of the Class relied on the statements described above and/or the integrity of the market price of China Techfaith securities during the Class

Period in purchasing China Techfaith securities at prices that were artificially inflated as a result of Defendants' false and misleading statements.

36.     Had Plaintiff and the other members of the Class been aware that the market price of China Techfaith securities had been artificially and falsely inflated by Defendants' misleading statements and by the material adverse information which Defendants did not disclose, they would not have purchased China Techfaith securities at the artificially inflated prices that they did, or at all.

37.      As a result of the wrongful conduct alleged herein, Plaintiff and other members of the Class have suffered damages in an amount to be established at trial.

38.     By reason of the foregoing, Defendants have violated Section 10(b) of the 1934 Act and Rule 10b-5 promulgated thereunder and are liable to the plaintiff and the other members of the Class for substantial damages which they suffered in connection with their purchase of China Techfaith securities during the Class Period.

## **COUNT II**
### **Violations of Section 20(a) of the Exchange Act**
#### **Against the Individual Defendants**

39.     Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

40.     During the Class Period, the Individual Defendants participated in the operation and management of China Techfaith, and conducted and participated, directly and indirectly, in the conduct of China Techfaith's business affairs. Because of their senior positions, they knew the adverse non-public information about China Techfaith's misstatement of revenue and profit and false financial statements.

41.     As officers and/or directors of a publicly owned company, the Individual Defendants had a duty to disseminate accurate and truthful information with respect to China

Techfaith's financial condition and results of operations, and to correct promptly any public statements issued by China Techfaith which had become materially false or misleading.

42. Because of their positions of control and authority as senior officers, the Individual Defendants were able to, and did, control the contents of the various reports, press releases and public filings which China Techfaith disseminated in the marketplace during the Class Period concerning China Techfaith's results of operations. Throughout the Class Period, the Individual Defendants exercised their power and authority to cause China Techfaith to engage in the wrongful acts complained of herein. The Individual Defendants therefore, were "controlling persons" of China Techfaith within the meaning of Section 20(a) of the Exchange Act. In this capacity, they participated in the unlawful conduct alleged which artificially inflated the market price of China Techfaith securities.

43. By reason of the above conduct, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act for the violations committed by China Techfaith.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff, on behalf of himself and the Class, prays for judgment and relief as follows:

(a) declaring this action to be a proper class action, designating plaintiff as Lead Plaintiff and certifying plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure and designating plaintiff's counsel as Lead Counsel;

(b) awarding damages in favor of plaintiff and the other Class members against all defendants, jointly and severally, together with interest thereon;

awarding plaintiff and the Class reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

(d)      awarding plaintiff and other members of the Class such other and further relief as the Court may deem just and proper.

## **JURY TRIAL DEMANDED**

Plaintiff hereby demands a trial by jury.

Dated: January 8, 2019                                         Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/Phillip Kim
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 34th Floor
New York, NY 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
           lrosen@rosenlegal.com

*Counsel for Plaintiff*

**BRONSTEIN, GEWIRTZ &
GROSSMAN, LLC**
Peretz Bronstein
60 East 42nd Street, Suite 4600
New York, NY 10165
Tel: (212) 697-6484
Fax: (212) 697-7296
Email: peretz@bgandg.com

*Additional Counsel for Plaintiff*