UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
BRADLEY THOMAS, individually and
on behalf of all others similarly situated,

        Plaintiff,               **MEMORANDUM AND ORDER**
                                                               Case No. 19-CV-134 (FB) (CLP)

    -against-

CHINA TECHFAITH WIRELESS
COMMUNICATION TECHNOLOGY
LIMITED, DEFU DONG, DEYOU
DONG, YUPING OUYANG,
DELOITTE TOUCHE TOHMATSU
CERTIFIED PUBLIC ACCOUNTANTS
LLP, and FRIEDMAN LLP,

        Defendants.
---------------------------------------------------x

**BLOCK, Senior District Judge:**

       Headquartered in Beijing, Defendant China Techfaith Wireless Communication Technology Limited ("Techfaith") trades on Nasdaq. After announcing that it would write off almost $30 million in bad debt, its share price dropped significantly. This litigation against the company, its principals, and its auditors followed.

       The Plaintiffs allege that Techfaith violated section 10(b) of the Securities Exchange Act of 1934 by making false and misleading statements in various financial statements, and that Defendants Defu Dong, Deyou Dong and Yuping Ouyong (collectively, "Individual Defendants") are liable for those misstatements

1

under section 20(a) of the Act.  Plaintiffs further allege that Defendants Deloitte Touche Tohmatsu Certified Public Accountants LLP and Friedman LLP violated section 10(b) by falsely opining that the financial statements conformed to generally accepted accounting principles.

Techfaith and the Individual Defendants move to dismiss.  Friedman separately moves to dismiss.[1]  Both motions are brought pursuant to Federal Rule of Civil Procedure 12(b)(6).  For the following reasons, the motions are granted.

# I

The following facts are taken from the amended complaint and Techfaith's SEC filings, which are referenced throughout the complaint and clearly form the basis of the Plaintiff's claims.  "[W]hen a plaintiff chooses not to attach to the complaint or incorporate by reference a [document] upon which it solely relies and which is integral to the complaint, the court may nevertheless take the document into consideration in deciding the defendant's motion to dismiss, without converting the proceeding to one for summary judgment." *Int'l Audiotext Network, Inc. v. AT&T*, 62 F.3d 69, 72 (2d Cir. 1995) (internal quotation marks omitted).

Techfaith was founded in 2002 by Defu Dong.  Its principal business was to design mobile devices and subcontract their production.  Initially, the company

---

[1]The remaining defendant, Deloitte Touche Tohmatsu Certified Public Accountants LLP, has not appeared, possibly because of a failure to perfect service.

2

provided the finished devices to third parties, who would sell them under their brands. Eventually, it began selling devices under its own brands.

Defu served as Techfaith's chief executive officer until 2015, when he passed the title to his younger brother, Deyou, who had been the company's chief operating officer. Two years later, Defu transferred almost all of his controlling ownership interest to Deyou. As of 2018 Deyou was the CEO, chairman of the board and controlling shareholder of Techfaith. Yuping Ouyang is the company's chief financial officer.

In 2010—while still running Techfaith—Defu founded Beijing Mfox Technology Company Limited ("Mfox");[2] he remains its controlling shareholder. The crux of the Plaintiffs' complaint is that, beginning in 2010, Defu and Deyou "carried out a scheme to loot China Techfaith's business" by "moving substantially all of China Techfaith's operations, personnel, and even cash, from China Techfaith to Mfox." Am. Compl. ¶¶ 41, 43. The complaint alleges that this scheme took three forms:

---

[2] A key point of contention in this case is the translation of Mfox's Chinese name (北京云狐时代科技有限公司), in particular the third and fourth characters (云狐, or Yún Hú in pinyin). 狐 is indisputably "fox," but the usual translation of 云 is "cloud," giving "Cloud Fox" (or "Fox of the Cloud"). The parties do not dispute, however, that 云狐 is "Mfox," leaving the Court to ponder the metaphorical origins of the company's name.

3

***First***, the complaint alleges that Defu and Deyou used Mfox to "[steal] China Techfaith's mobile phone business." Am. Compl. ¶ 49. Techfaith began to sell phones under the brand 17FOX in 2012 and under the brand MOBIFOX in 2013. In various filings with the Securities Exchange Commission ("SEC"), the company referred to 17FOX and MOBIFOX as "our brands." Am. Compl. ¶¶ 89 (2014 Annual Report), 102 (2015 Annual Report), 107 (2016 Annual Report), 115 (2017 Annual Report). In fact, an Mfox subsidiary applied for registration of 17FOX as a trademark in 2012 and Mfox itself was granted trademark rights in MOBIFOX in 2015. Thus, the Plaintiffs allege, Techfaith falsely represented that it owned the 17FOX and MOBIFOX trademarks.

***Second***, the complaint alleges that Defu and Deyou "caused China Techfaith to enter [the real estate] business so that it could supply Mfox with office space." Am. Compl. ¶ 50. In 2014 Techfaith announced the expected completion of an "integrated research and development, sales and distribution center" in the city of Shenyang. Am. Compl. ¶ 51 n.20. The site was named "Mfox Technology Park" and advertised "Mfox Mobile Phone[s]" on its signage. Am. Compl. ¶ 51. In addition, it announced the construction and expected occupancy of three buildings in the city of Hangzhou for "research and development purposes, as well as for establishing internal manufacturing capabilities." Am. Compl. ¶ 52 n.24. In 2017, it announced that it was developing four more properties in Hangzhou. As in

4

Shenyang, the buildings in Hangzhou were located in the "Mfox Technology Park" and advertised "Mfox Mobile Phone[s]." Am. Compl. ¶¶ 52-53.

***Third***, the complaint alleges that Defu and Deyou "stole China Techfaith's cash." Am. Compl. ¶ 55 (emphasis omitted). In its 2017 Annual Report, Techfaith reported a secured, one-year loan of $53.8 million, plus interest, to Yingbai Technology (Shenyang) Limited ("Yingbai"). Am. Compl. ¶ 58. It collected about $21 million on the loan, but on December 20, 2018, disclosed that it had written off about $29 million as bad debt.

According to the Plaintiffs, Yingbai is "none other than Mfox's manufacturing plant located in Shenyang, China." *Id.* They support that claim with allegations that (1) Yingbai's address is the same as a Shenyang address listed on Mfox's website; (2) a shareholder with a 35% interest in Yingbai is also a supervisor employed by a subsidiary of Techfaith; and (3) Yingbai's other shareholder "owns a number of Chinese companies alongside Defendants Deyou and Defu." Am. Compl. ¶ 60.

The December 2018 disclosure "shocked the market" and caused Techfaith's share price to fall by more than 35%.

II

The plaintiff in a securities-fraud case must allege "(1) a material misrepresentation or omission by the defendant; (2) scienter; (3) a connection between the misrepresentation or omission and the purchase or sale of a security; (4) reliance upon the misrepresentation or omission; (5) economic loss; and (6) loss causation." *Stoneridge Inv. Partners, LLC v. Scientific–Atlanta, Inc.,* 552 U.S. 148, 157 (2008). The first element is dispositive here.[3]

The complaint is generally framed in terms of nondisclosure: "China TechFaith's failure to disclose the material related party transactions with Defu and his companies, including Mfox Technology violated [Generally Accepted Accounting Principles ("GAAP")], and SEC regulations and rendered China TechFaith's financial statements false and misleading." Am. Compl. ¶ 15.

"Silence, absence a duty to disclose, is not misleading." *Basic, Inc. v. Levinson*, 485 U.S. 224, 239 n.17 (1988). However, SEC Regulation S-K requires that a publicly traded company disclose "any transaction, since the beginning of the registrant's last fiscal year, or any currently proposed transaction, in which the registrant was or is to be a participant and the amount involved exceeds [a specified dollar amount], and in which any related person had or will have a direct

---

[3]The Defendants also challenge the Plaintiffs' allegations of scienter and loss causation, but the Court need not address those issues.

or indirect material interest." 17 C.F.R. § 229.404(a). "Related person," in turn, is defined as any officer, director, significant (i.e., 5% or more) shareholder of the company, *or* the immediate family members—including siblings—of those individuals. *See id.*

No one disputes that Defu is a "related person" and that transactions involving him or his company Mfox had to be disclosed. Thus, for example, Techfaith regularly disclosed that it had purchased raw materials from Mfox and sold completed phones to it. The question is whether the "scheme" alleged in the complaint involved any other undisclosed transactions.

**A.    Trademarks**

With respect to trademark ownership, Techfaith and the Individual Defendants do not dispute the allegation that 17FOX and MOBIFOX were owned by Mfox. There is, therefore, no question but that Techfaith's representations that the brands were "ours" was literally false.

However, the misstatement must also be material. "At the pleading stage, a plaintiff satisfies the materiality requirement . . . by alleging a statement or omission that a reasonable investor would have considered significant in making investment decisions." *Ganino v. Citizens Utilities Co.*, 228 F.3d 154, 161 (2d Cir. 2000).

The complaint is based on nondisclosures beginning in 2014. By that date, Techfaith had recognized that its branded phone business was flagging and, accordingly, disclosed in its 2013 Annual Report that the "goodwill allocated to the Brand name phone sales reporting unit was fully impaired." Defs.' Mem. of Law, Ex. B at 46. In plain English, the brands were worthless, a fact disclosed in the 2013 Annual Report and every report thereafter. It is not plausible that a reasonable investor would care who owned this worthless intellectual property. *See Ganino*, 228 F.3d at 162 ("An omitted fact may be immaterial if the information is trivial[.]").

**B.     Real Estate**

The Plaintiffs allege that the "Mfox" signage on the buildings demonstrates an undisclosed connection to the company. Techfaith responds that Plaintiffs' theory is based on a mistranslation. "Mfox" (云狐), it argues, is simply a brand name of mobile phones manufactured at the properties, while "Mfox" *the company* is more accurately translated as "Mfox Times" (云狐时代). According to Techfaith, the difference is tantamount to suggesting that New York State owns New York University.

Techfaith is, of course, free to use its properties to advertise products manufactured there. But there is a more fundamental problem with the Plaintiffs' theory. Regulation S-K requires the disclosure of "transactions," which includes

8

"any financial transaction, arrangement or relationship (including any indebtedness or guarantee of indebtedness) or any series of similar transactions, arrangements or relationships." 17 C.F.R. § 229.404. The complaint does not allege that Techfaith engaged in any such transactions with Mfox regarding the signage at its properties in Shenyang and Hangzhou. Nor does it allege that Mfox occupied any space in the properties. In short, the allegation that Techfaith developed the properties for Mfox's benefit is speculative and conclusory and, therefore, insufficient to survive a motion to dismiss. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level.").

**C.     Yingbai Loan**

Yingbai manufactures phones for Techfaith and leases the whole of its Shenyang property for that purpose. Until 2011, Techfaith reported Yingbai as a related party to because Defu held an equity interest in it. However, Defu disposed of that interest at the end of 2011.

When Techfaith loaned Yingbai $53.8 million in December 2017, it fully disclosed the loan and its terms. The Plaintiffs nevertheless claim that Techfaith's filing was misleadingly incomplete because it did not disclose that Yingbai was, in reality, Mfox.

In support, the Plaintiffs allege that Yingbai's majority shareholder "owns a number of Chinese companies alongside Defendants Deyou and Defu," Am. Compl. ¶ 60," and that its other shareholder was also a supervisor for a Techfaith subsidiary. Neither of those allegations makes Yingbai a related entity. It further alleges that Mfox's business address in Shenyang is the same as Yingbai's. That may well suggest the possibility of a connection between the two companies but more is required. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Plaintiffs have asked for leave to further amend their complaint to add allegations that *Yingbai* was a related party to Techfaith. The Court specifically offered them an opportunity to amend at an informal premotion conference; they declined. In any event, having reviewed the proposed amendments, the Court finds that leave to amend would be futile.

## III

In sum, the Plaintiffs have failed to allege that Techfaith's financial statements were false or misleading in any material respect. It follows, therefore, that they cannot establish either control-person liability or auditor liability. Therefore, both motions to dismiss are granted.

**SO ORDERED**.

    /S/ Frederic Block
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
July 7, 2021